(Reap. Dec. 8497)

SAMUEL SHAPIRO & Co., INC. (A/C CHELSEA EXPORT CORP.), ET AL. *v.* UNITED STATES

Entry No. 1662, etc.

(Decided December 2, 1955)

Plaintiffs not represented by counsel.
*Warren E. Burger*, Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the defendant.

MOLLISON, Judge: These are appeals for reappraisement of the value of certain slate slabs imported from Italy. The merchandise

was invoiced and entered at various values, depending on thickness, and was appraised at higher unit values in each instance.

The issues sought to be raised by the plaintiffs are concerned with the claimed inadequacy of the notice of appraisement in failing to advise the importer of the facts upon which the advances in value were based, as well as the particulars concerning the amount of the advances. Further, assuming that the advances were based upon a failure to take into consideration an item of "tolerance," in connection with the thickness of the slate as imported, it is contended by the plaintiffs that the tolerance in the instant shipments was "bad" and would not support the appraised values.

When the case was called for trial, the president of the ultimate consignee appeared in its behalf and stated that the actual amount of the advances did not warrant the engagement of counsel for the prosecution of the appeals and that the matter was being pressed only for the principles involved, as outlined above.

With respect to the claimed inadequacy of the notice of appraisement, it seems that an attempt was made to move this court that an order issue requiring the collector of customs to render a bill of particulars concerning the facts of the advances in value. However, probably due to the fact that it was not prepared by an attorney at law, there is nothing to show proper service upon the opposing party, nor was the motion, as such, pressed at the trial of the case.

No effort was made to adduce facts either by testimony under oath or by the permitted forms of documentary evidence which would tend to establish the incorrectness of the appraised value or the correctness of the value claimed by the plaintiffs.

The writer deems it proper to observe that the presentation and trial of a reappraisement appeal, which is the type of jurisdiction of this court which the plaintiffs invoked by their appeals in this case, is, of its very nature, a somewhat technical matter, calling for some experience in customs administrative practice as well as familiarity with the laws of the United States governing valuation for customs purposes and the prosecution of the remedy in the case of dissatisfaction with the value returned by the appraiser. However much it may sympathize with the effort of a party to effect recognition of a principle believed to be grounded matters of justice and right, the court cannot act as an advocate.

On the record before me, I have no other course than to hold that the plaintiffs have failed to overcome the statutory presumption of correctness favoring the values returned by the appraiser. Judgment will, therefore, issue accordingly.